UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HOGSTON,

       Plaintiff,                     Case No. 12-12626

v.                                         SENIOR UNITED STATES DISTRICT JUDGE
                                         ARTHUR J. TARNOW

CAROL W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

### ORDER GRANTING PETITION FOR AN AWARD OF ATTORNEY FEES [27]

Before the Court is Plaintiff's Petition for an Award of Attorney Fees [27], Defendant's Response [29], and Plaintiff's Reply [31]. For the reasons that follow, Plaintiff's Petition [27] is **GRANTED**.

In this Social Security appeal, the Magistrate Judge granted Plaintiff's Motion for Summary Judgment [14] and denied Defendant's Motion for Summary Judgment [21]. The Magistrate Judge also remanded the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff now seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. To qualify for an EAJA award, petitioner must show, *inter alia*, that he is the prevailing party. Once that is shown, the burden shifts to the

Government. The Government can avoid paying EAJA fees only if it can show that its pre-litigation action and inaction and its litigation position were both substantially justified. 28 U.S.C. § 2412(d)(1)(b); (2)(D). Substantially justified means that the Government did not unreasonably protract administrative or judicial proceedings. 28 U.S.C. § 2412(d)(2)(D). The parties dispute whether the Government's pre-litigation and litigation position were substantially justified.

**The Government's Litigation Position was not Substantially Justified**

This case was remanded to the ALJ for failure to place appropriate weight on the medical opinions of LLP Pearson. The Government argues that its litigation position was substantially justified. The Government relies on *Glenn v. Comm'r of Soc. Sec,* 2013 WL 5587605, an unreported case in the Eastern District of Michigan, to assert that a "remand for articulation is insufficient to establish that the government lacked substantial justification in defending the ALJ's decision." However, since Respondent has filed this reply, the Sixth Circuit has reversed and remanded the district court decision. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494 (6th Cir. 2014). The Sixth Circuit concluded that "where the government defends an ALJ decision that was reached by selectively considering the evidence, its position is not substantially justified." *Id.* at 498. In the case at bar, the Magistrate Judge concluded that the ALJ failed to place appropriate weight on LLP Pearson's medical opinion. The Magistrate Judge remanded the case to the ALJ to properly analyze and consider the evidence. In

light of these facts, the Court cannot say that the Government's litigation position was reasonable in the context of a EAJA fees entitlement context. Petitioner is entitled to an award of attorney fees in this case.

**The Requested Fees are Reasonable**

In the alternative, the Government argues that the amount of time spent and the hourly fee requested is excessive and unreasonable. The Government requests that the Court reduce the requested fees. The statutory hourly maximum under 28 U.S.C. § 2412(d)(2)(A) is $125.00 per hour "unless the court determined that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, Petitioner has requested an EAJA award for $7605.00 for 42.25 hours of work. The Government disputes both the number of hours Petitioner is claiming and the fee amount.

Petitioner's fee figure is broken down into rates that vary based upon the year worked performed according to the United States Department of Labor Consumer Price Index (CPI) in 2011 and the State Bar of Michigan Economics of Law Practice in Michigan Survey ("SBM"). Specifically, the SBM illustrates attorneys fees for comparable attorneys in Social Security Law in Wayne County with the Petitioner's years of experience. From this information, along with the CPI, Petitioners requests an hourly rate of $180.00. The Government argues that the Court should not rely on the information from the surveys of attorneys in similar practice areas and locations. The Government relies on a Sixth Circuit case where the court held that only relying on the

CPI did not meet the burden of producing satisfactory evidence that the requested rates are in line with similar services of lawyers of reasonably comparable skill, experience, and reputation. *Bryant v. Comm'r of Soc. Sec.*, 578 F. 3d 443 (6th Cir. 2009). Here, Petitioner did not merely rely on the CPI but also produced information from the SBM. The Court is satisfied that the evidence Petitioner puts forth meets the burden outlined in *Bryant*. Thus Petitioner is entitled to appropriate compensation under EAJA.

In determining the appropriate rate at which to compensate Petitioner, the Court refers to one of its earlier Orders on the issue:

> In determining whether to apply a local or national cost of living increase, at least one court has held that "in view of the diverse nature of various cities' and regions' economies, it is concluded that recognizing the cost of living increases actually experienced by the EAJA applicant is the fairer course." *Cox Constr. Co. v. United States*, 17 Cl. Ct. 29, 37 (1989); *accord Mannino v. West*, 12 Vet.App. 242 (Vet.App.1999). . . . The Court finds that these circumstances support a finding that the relevant market in this instance is Detroit, Michigan, and the Court should apply the Consumer Price Index for All Items for the Detroit-Ann Arbor-Flint, Michigan area. Although Plaintiff's work on this matter spanned 2007 to 2008, the Court will apply the CPI-U figure " 'most closely corresponding to the close of services.'" *Mitchum v. Astrue*, 586 F.Supp.2d 424, 427 (D.S.C.2007) (citing *Ball v. Sullivan*, 754 F.Supp. 71 (D.S.C.1990)). The Court will use the CPI-U figure for August 2008, the date when Plaintiff became a prevailing party.

*Allshouse v. Commissioner of Social Sec.*, 2009 WL 4884968 at *7 (E.D. Mich. 2009) (Tarnow, J.). Using the logic previously employed by this Court, Petitioner is entitled

to fees based on the CPI for Detroit, Michigan in September 2013, when Plaintiff became the prevailing party.[1]

The Government also argues that Petitioner seeks compensation for excessive time, stating that the Court should reduce compensation to thirty hours. The Court rejects the Government's argument. There is no binding authority on this issue. The court in *Glass v. Sec'y of Health and Human Servs.* suggests that twenty to thirty hours to litigate was a reasonable amount of time in that particular case, but the *Glass* court did not create a bright line rule. *Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987). Petitioner filed a successful motion to file a considerably extended brief in this case, which Defendant opposed. Further, Petitioner indeed filed an extended motion for summary judgment, which was also successful. The Court finds that 42.25 hours is a reasonable amount of time to successfully litigate this case.

According to the U.S. Department of Labor's Consumer Price Index for all urban consumers, all items ("CPI-U") for the Detroit-Ann Arbor-Flint, Michigan area, the consumer index as of September 2013 was 220.00. The CPI as of March 1996 (when 28 U.S.C. § 2412(d)(2)(A)(ii) was amended to set $125.00 as the prevailing rate) was 151.3. Multiplying $125.00 per hour times the ratio of 220.00 divided by 151.3 equals a cost of living increase to $181.80 per hour. *See Mitchum v. Astrue*, 586

---

[1] Note: Plaintiff based his request for fees on the Consumer Price Index data from 2012. However, the order remanding his claim from the Magistrate Judge was final on September 26th, 2013.

F.Supp.2d 424,426 (D.S.C. 2007). When that rate is applied to the 42.25 hours of attorney work performed in this case, the total amount of attorneys fees due is $7,681.05. Accordingly,

**IT IS ORDERED** that the Petition for an Award of Attorney Fees [27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner is awarded $7,681.05 in attorney fees.

**SO ORDERED.**

s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge

Dated: May 12, 2015